UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD F. GRODEN, EXEC. DIRECTOR of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE SMEDLEY COMPANY,<br><br>Defendant. | C.A. No.: |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. Plaintiff, Edward F. Groden, is the Executive Director of the Pension Fund and is a "fiduciary" within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

4. The Pension Fund is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of ERISA § 3(3), 29 U.S.C., § 1002(3). The Pension Fund has its principal office at and is administered from One Wall Street, 4th Floor, Burlington, Massachusetts 01803.

5. Defendant The Smedley Company ("Smedley") is an employer with a place of business in Branford, CT.

6. Defendant Smedley is an "employer" within the meaning of ERISA § 3(5), 29

U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152(2), (6) and (7).

7. Teamsters Local Union No. 443, is a "labor organization" within the meaning of 29 U.S.C. § 152(5).

8. At all material times, Defendant Smedley was obligated by the terms of one or more collective bargaining agreements between it and Teamsters Local Union No. 443 and by the terms of an Agreement and Declaration of Trust to which Defendant Smedley was bound to make contributions on behalf of certain employees to the Pension Fund and to pay late charges for contributions not timely paid pursuant to a payroll audit.

9. Defendant Smedley has failed to make required contributions to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff demands that judgment enter against Defendant The Smedley Company in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):

1. Awarding the Pension Fund the following amounts:

   a. the unpaid contributions;

   b. interest on those contributions;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

3

Dated:  February 6, 2017                                                          Respectfully submitted,

                                                                 Catherine M. Campbell
                                                                 BBO # 549397
                                                                 Feinberg, Campbell & Zack, PC
                                                                 177 Milk Street, Suite 300
                                                                 Boston, MA 02109
                                                                 (617) 338-1976


                                                                <u>/s/ Catherine M. Campbell</u>
                                                                Attorney for Plaintiff,
                                                                Edward Groden, Executive Director


**<u>CERTIFICATE OF SERVICE</u>**

     I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

Dated:  February 6, 2017                                                          <u>/s/ Catherine M. Campbell</u>
                                                                                                        Catherine M. Campbell